UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID RIVERA,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. ARNALDO NUNEZ,
Shield No. 06123, Individually and in his Official Capacity,
DET. DANIEL RYAN, Shield No. 6878, Individually and
in his Official Capacity, P.O.s "JOHN DOE" #1-10, Individually
and in their Official Capacities, (the name John Doe being
fictitious, s the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**08 CV 0224**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff, DAVID RIVERA, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an Hispanic male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, DET. ARNALDO NUNEZ, DET. DANIEL RYAN and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**FACTS**

13. On June 21, 2006, at approximately 3:25 p.m., plaintiff DAVID RIVERA was lawfully in the vicinity of 1253 Morrison Avenue, in the County of the Bronx, in the City and State of New York.

14. Plaintiff DAVID RIVERA, who at the time resided at 1240 Morrison Avenue, was on his way to visit a local friend in the neighborhood.

15. At the aforesaid time and place, plaintiff DAVID RIVERA was suddenly accosted by several members of the New York City Police Department.

16. Defendants grabbed plaintiff DAVID RIVERA and forcibly detained him.

17. Defendants then conducted an unlawful search DAVID RIVERA, looking inside his pockets for narcotics and/or other contraband.

18. Defendants did not recover crack-cocaine or any other controlled substance from plaintiff DAVID RIVERA.

19. Defendant officers did not recover any pre-recorded buy-money from plaintiff DAVID RIVERA.

20. Notwithstanding the lack of any incriminating evidence against plaintiff DAVID RIVERA, defendant officers refused to release him and instead continued to process his arrest.

21. Thereafter, defendants charged plaintiff DAVID RIVERA with committing multiple drug-related offenses, including Criminal Sale of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Third Degree and Seventh Degree.

22.     In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Bronx County District Attorney's office.

23.     At no time on June 21, 2006 did plaintiff DAVID RIVERA ever possess, buy, or sell crack-cocaine, or any other controlled substance, to any officer of the New York City Police Department, or to any third person.

24.     As a result of this unlawful arrest, plaintiff DAVID RIVERA spent approximately(6) days in jail.

25.     Notwithstanding defendants' unlawful conduct, on June 27 , 2006, all charges against plaintiff DAVID RIVERA were dismissed by the Honorable E. Greenberg.

26.     As a result of the foregoing, plaintiff DAVID RIVERA sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29.     All of the aforementioned acts deprived plaintiff DAVID RIVERA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of defendants' aforementioned conduct, plaintiff DAVID RIVERA was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C.§ 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants unlawfully searched plaintiff DAVID RIVERA in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

38. As a result of the foregoing, plaintiff DAVID RIVERA was subjected to an illegal and improper search.

39. The foregoing unlawful search violated plaintiff DAVID RIVERA's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants misrepresented and falsified evidence before the Grand Jury.

45. Defendants did not make a complete and full statement of facts to the Grand Jury.

46. Defendants withheld exculpatory evidence from the Grand Jury.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Rivera.

48. Defendants lacked probable cause to initiate criminal proceedings against Mr. Rivera.

49. Defendants acted with malice in initiating criminal proceedings against Mr. Rivera.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Rivera.

51      Defendants lacked probable cause to continue criminal proceedings against Mr. Rivera.

52      Defendants acted with malice in continuing criminal proceedings against Mr. Rivera.

53      Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

54      Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Rivera's favor on June 27 , 2006, when all charges against him were dismissed.

55      As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

56      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57      Defendants issued legal process to place plaintiff DAVID RIVERA under arrest.

58      Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

59      Defendants acted with intent to do harm to plaintiff DAVID RIVERA, without excuse or justification.

60.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" as if the same were more fully set forth at length herein.

62. Defendant created false evidence against plaintiff DAVID RIVERA.

63. Defendant forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

64. In creating false evidence against plaintiff DAVID RIVERA, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

65. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "65" as if the same were more fully set forth at length herein.

67. Defendants arrested and incarcerated Mr. Rivera in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

70. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) fabricating evidence against innocent persons erroneously arrested during buy-and-bust operations;

   b) arresting innocent persons wrongfully apprehended during buy-and-bust operations; and

   c) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

71. The existence fo the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Frank Brandon v. City of New York**, United States District Court, Southern District of New York, 07 CV 8789;.

- **Terrance Burton v. City of New York,** United States District Court, Southern District of New York, 06 CV 6884.

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Angel Vasquez v. City of New York**, United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAVID RIVERA.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by DAVID RIVERA as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DAVID RIVERA as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DAVID RIVERA was incarcerated unlawfully for 6 days.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DAVID RIVERA.

77. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly

responsible for the violation of plaintiff DAVID RIVERA's constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff DAVID RIVERA of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

79. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff DAVID RIVERA demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       January 10, 2008

                                          BY:_____/S_____
                                              JON L. NORINSBERG (JN-2133)
                                              Attorney for Plaintiff
                                              225 Broadway, Suite 2700
                                              New York, N.Y. 10007
                                              (212) 791-5396