

**MEMO ENDORSED**

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | HILLARY A. FROMMER<br>*Senior Counsel*<br>Phone: (212) 788-0823<br>Fax: (212) 788-9776<br>hfrommer@law.nyc.gov |

January 29, 2008

**VIA HAND DELIVERY**
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10004



Re: Rivera v. City of New York,
~~07 Civ. 0224 (RJS) (FM)~~
08 CV 224 (RJS)

Dear Judge Sullivan:

   I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense for defendant City of New York. I write with respect to the above-referenced matter in which plaintiff alleges that he was falsely arrested and maliciously prosecuted by Detective Arnaldo Nunez and Detective Daniel Ryan of the New York City Police Department. Defendant City respectfully requests that its time to respond to the complaint be extended for sixty (60) days from the current due date of February 4, 2008 until April 4, 2008. I have spoken with plaintiff's counsel and plaintiff consents to this request.

   There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, defendant City needs this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiffs through their counsel for execution consents and authorizations for the release of sealed records so that the defendant can access the information, properly assess the case, and respond to the complaint.

   Additionally, upon information and belief, the individual defendants have not been served with the summons and complaint. This extension should provide time for plaintiff to serve that individual defendant and, if timely served, for this office to properly investigate plaintiff's allegations and make a representational decision with respect to the individual

defendant. *See Mercurio v. The City of New York et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to April 4, 2008.

Thank you for your consideration in this matter.

Respectfully submitted,

*[signature]*

Hillary A. Frommer (HF-9286)
Senior Counsel

cc: Jon Norinsberg, Esq. (via facsimile)

*In light of plaintiff's consent, the request is granted. No further extensions will be granted absent compelling circumstances.*

SO ORDERED.
Dated: 1/30/08

RICHARD J. SULLIVAN
U.S.D.J.

2