UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DAVID RIVERA,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, DET. ARNALDO NUNEZ, Shield No. 06123, Individually and in his Official Capacity, DET. DANIEL RYAN, Shield No. 6878, Individually and in his Official Capacity, P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious as the true names are presently unknown),

                                            Defendants.

------------------------------------------------------------------ x

**ANSWER BY DEFENDANTS CITY OF NEW YORK AND DETECTIVE NUNEZ**

08 Civ. 00224 (RJS)

JURY TRIAL DEMANDED

        Defendants City of New York and Detective Arnaldo Nunez, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action in this venue as stated therein.

        5. Defendants state that the allegations set forth in paragraph "5" of the complaint are not averments requiring responses.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, and respectfully refer this Court to the New York City Charter and New York City Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Arnaldo Nunez is employed as a detective with the New York City Police Department and defendant Daniel Ryan was employed as a detective with the New York City Police Department.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was approached by members of the New York City Police Department.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Admit that the officers did not recover any controlled substances from plaintiff's person on June 21, 2006.

19. Admit that the officers did not recover any "pre-recorded buy money" from plaintiff's person on June 21, 2006.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" except admit that plaintiff was arrested for drug-related offenses.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except deny knowledge or information sufficient to form a belief as to truth of the allegations concerning the length of plaintiff's detention.

25. Deny the allegations set forth in paragraph "25" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of the charges.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51' of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that the criminal proceedings were terminated in plaintiff's favor on June 27, 2006.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint and its subparts.

71. Deny the allegations set forth in paragraph "71" of the complaint and its subparts.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" and all of its subparts of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

### FOR A FIRST AFFIRMATIVE DEFENSE

80. The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

81. Any injuries in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct.

### FOR A THIRD AFFIRMATIVE DEFENSE

82. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### FOR A FOURTH AFFIRMATIVE DEFENSE

83. Plaintiff provoked any incident.

### FOR A FIFTH AFFIRMATIVE DEFENSE

84. Defendant has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the defendant violated any act of Congress providing for the protection of civil rights.

### FOR A SIXTH AFFIRMATIVE DEFENSE

85. There was probable cause for plaintiff's arrest and prosecution.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

86. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

87. Plaintiff cannot recover punitive damages against the City of New York.

WHEREFORE, defendants City of New York and Detective Nunez respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 3, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendants City and New York and
                        Detective Nunez
                        100 Church Street
                        Room 3-212
                        New York, New York 10007
                        (212) 788-0823

                        By: _____
                              Hillary A. Frommer (HF 9286)
                              Senior Counsel

TO:   Jon L. Norinsberg, Esq.
        225 Broadway, Suite 2700
        New York, New York 10007
        (212) 791-5396

Index No. 08 Civ. 00224 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID RIVERA,

Plaintiff,

-against-

THE CITY OF NEW YORK, DET. ARNALDO NUNEZ, Shield No. 06123, Individually and in his Official Capacity, DET. DANIEL RYAN, Shield No. 6878, Individually and in his Official Capacity, P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious as the true names are presently unknown),

Defendants.

**ANSWER BY DEFENDANTS CITY OF NEW YORK AND ARNALDO NUNEZ**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Arnaldo Nunez*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 2008-001575*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................., 200......*

*................................................................... Esq.*

*Attorney for................................................................*